UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAULA BUNTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-671-B |
| | § | |
| WALGREENS COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Walgreen Company's Motion to Strike (doc. 4), filed May 31, 2011. Having considered the Motions, the Court is of the opinion that the Defendant's Motion to Strike should be and hereby is **DENIED**.

This is a negligence action involving an alleged misfill of Plaintiff Paula Bunton's prescription by Defendant Walgreens, leading to injuries and medical expenses. (*See generally* Pl.'s Original Compl.). Plaintiff suffers from Gastoresophogeal Reflux Disease. (*Id.* ¶ 19). Plaintiff claims that on September 18, 2009, a pharmacist employed by Defendant negligently misfilled her prescription, giving her an appetite suppressant drug instead of one designed to treat Gastoresophogeal Reflux Disease. (*Id.* ¶¶ 21-23). Plaintiff claims that she took the misfilled medication until September 29, 2009, when she began vomiting blood. (*Id.* ¶ 24-25). Plaintiff was admitted into the hospital and treated for gastrointestinal bleeding. (Id. ¶ 26). She was discharged six days later on October 5, 2009. (*Id.* ¶¶ 27-28).

Plaintiff filed the instant action on April 1, 2011, claiming that her injuries were caused, in part, by Defendant and its agents' acts and omissions. (*Id.* ¶ 36-42). On May 31, 2011, after having already received an extension of time to respond to Plaintiff's Complaint, Defendant filed a Rule 12(f) Motion to Strike portions of Plaintiff's Complaint (doc. 4). Defendant asserts that the specific portions it moves to strike are immaterial, inflammatory, argumentative, and prejudicial. (Def.'s Mot. Strike 6-10). Plaintiff has filed a Response to Defendant's Motion to Strike (doc. 6), contending that Defendant failed to present proof of prejudice. (Pl.'s. Resp. 2-6). Additionally, Plaintiff claims that that the paragraphs objected to in the Defendant's motion provide relevant background information that will "aid in giving a full understanding of the complaint as a whole . . . ." (*Id.* at 5 (quoting *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998)). Defendant filed a Reply (doc. 7) on June 21.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]" acting either sua sponte or upon a party's motion. Fed. R. Civ. P. 12(f). Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted, as such motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus v. Bd. of Public Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). A motion to strike should be denied if there is any question concerning law or fact. *Id.* Even when dealing with a pure question of legal sufficiency, courts are still "very reluctant" to determine such issues on a motion to strike, instead viewing such questions "as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial." 5C Charles Alan Wright & Arthur

R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004). The granting of a motion to strike falls within a court's sound discretion. *Niblo*, 821 F. Supp. at 449 (citing *Augustus*, 306 F.2d at 868).

The Court finds that Defendant has failed to overcome the heavy presumption against granting a motion to strike. While the Court is dubious of the relevance of those portions of the Complaint cited by Defendant and makes no determination herein as to the veracity of the challenged allegations, it is simply inappropriate to strike them from the Complaint at this juncture. Instead, the Court finds the more proper course to be reconsideration of the issue at a later point in the litigation. Accordingly, Defendant's Motion to Strike is **DENIED**. Such denial is **without prejudice** to Defendant's filing a similar motion either with a motion for summary judgment or at trial.

SO ORDERED.

DATED July 6, 2011.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE